AYRES, Judge.
This is a petitory action wherein plaintiffs assert ownership of an undivided x5Í6ths interest in a tract of land described as:
The West 29 acres of that portion of the SW-14 of the SE-J4, Section 8, and of the NW-14 of the NE-14, Section 17, Township IS North, Range 6 West, lying south of Blume Creek, Bienville Parish, Louisiana,
of which it was alleged defendant had possession at the time this action was instituted without any title thereto.
Plaintiffs claim ownership through a chain of title emanating from the United States Government. Defendant asserted ownership of that portion of the property described as that part of SW-J4 of SE-14, Section 8, south of Blume Creek through title not alleged or disclosed in its answer and reconventional demand, and, in the alternative, claimed ownership by prescriptions of ten and thirty years.
On trial the court concluded plaintiffs established title to the property through a regular chain of title, whereas defendant’s title was predicated on a “wild deed”, that is, a deed not predicated upon any prior title or instrument. The court, moreover, concluded there was no basis established that would support a title in defendant by prescription of either ten or thirty years.
*833 From a judgment in favor of plaintiffs as prayed for defendant prosecutes a de-volutive appeal.
The property in question was conveyed by the United States Government to John B. Blume through patent dated June 1, 1860. On October 18, 1888, after the deaths of John B. Blume and of his wife Rebecca Blume, their estate comprising, among other assets, more than two thousand acres of land, was sold to effect a partition. This estate comprised property located in Sections 8, 9, 16 and 17, Township 15 North, Range 6 West, as well as elsewhere. Flowing from east to west through the South Half of the South Half (S-}4 of the S-i/2) of Sections 8 and 9 of the aforesaid Township and Range was Six Mile Creek, now known as Blume Creek.
In the partition sale, J. H. Blume acquired, among other property, the NE-]4 of NW-l4> Section 17, and all that portion of the South Half of the South Half (S-J4 of the S-14), Section 8, Township 15 North, Range 6 West, lying south of Six Mile Creek bottoms as follows:
43-Jf acres in South Half of Southeast Quarter (S-1/^ of SE-i/J.) and 31 acres in Southeast Quarter of Southwest Quarter (SE-14 of SW-4).
The tract of land immediately above described was sold by J. H. Blume to John Cottenham January 14, 1901.
Plaintiffs acquired their i^ieths interest in the entirety of the last described property from the heirs of John Cottenham or from their vendees. This tract includes the portion the title to which was made the subject of this litigation.
On the trial of this case defendant based its claim of title to that portion of the 29-acre tract situated south of Blume Creek in the SW-4 of the SE-J4 of Section 8 on a deed dated August 6, 1959, from Will J. Sprawls, Jr. wherein Sprawls purportedly sold to Southern Advance Bag & Paper Company, Inc., among other lands, all that part of the S-i/2 of SE-J4 of Section 8 lying south of Blume Creek. Defendant traces its title, through predecessor corporations, Robert Gair Company, Inc. and Southern Advance Bag & Paper Company, Inc.
Defendant obviously claims that Sprawls’ title was predicated upon an inheritance by Sprawls and Mrs. Annie Bell Sprawls Roberson by will from F. P. Blume and through a sale by J. H. Blume to F. P. Blume and ultimately from F. P. Blume’s acquisition from the estate of John B. and Rebecca Blume. A careful and painstaking review and check of these various instruments disclose that none of the property involved in this litigation was included in any of those instruments. In fact, defendant points out in brief:
“The deed to W. J. Sprawls through whom Continental Can traces title, described the following property:
‘27 acres on the south side of the SW 14 of SE y4, Section 8, and the NW 4 of NE 14 of Section 17, except a strip on the west side extending across the said two forty acre tracts running North and South so as to take off 29 acres, leaving 38 acres in said two forties.’ ” (Emphasis supplied.)

The area in dispute is contained in the 29-acre strip of land excepted from, the deed to Sprawls, defendant’s author in title, and through whom it claims title.

The conclusion is, therefore, inescapable that Sprawls had no right, title or interest in the property involved here to enable him to transfer same to the predecessor of defendant.
The record is void of any proof of possession that would support defendant’s pleas of prescription of either ten or thirty years. The only act of possession was the cutting of the timber in 1966.
For the reasons assigned the judgment appealed is affirmed at defendant-appellant’s cost.