434 So.2d 1155 (1983)
Linda Vincent WILKINSON, Ind., etc.
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 82 CA 0868.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
David Robinson, Baton Rouge, for plaintiff.
Lawrence A. Durant, Baton Rouge, for defendant.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of the judgment of the trial court which was in favor of plaintiff in her wrongful death action.
Plaintiff, Linda Vincent Wilkinson, individually and as natural tutrix on behalf of the minor, William Hayden Wilkinson, filed suit for the wrongful death of Harry Wayne Wilkinson against the State of Louisiana through the Department of Transportation *1156 and Development. Harry Wayne Wilkinson was killed when the automobile that he was driving collided with a concrete abutment on Louisiana Highway 16 near the village of French Settlement. Plaintiff alleged that the bridge and the approaches thereto were not properly designed, constructed or maintained. The trial court found that the accident was caused by the negligence of the Department of Transportation and Development in maintenance of the highway and bridge, as well as by defects in the design and construction of the highway and bridge. Damages were awarded in the sum of $400,000.00 to Linda Vincent Wilkinson and in the sum of $300,000.00 to the minor child, William Hayden Wilkinson. Defendant appealed suspensively from the judgment of the trial court, alleging that the court erred in not permitting an instanter or open court amendment of the pleadings to set forth facts supporting a claim of contributory negligence, in finding negligence on the part of defendant, and in awarding an excessive amount of damages.

DEFENDANT'S FAULT
Defendant alleges that the trial court erred in finding that the defendant was at fault and that the fault was a cause in fact of the accident. We disagree. It was established at trial that the bridge was in a curve to the left for north bound vehicles. The bridge abutment was near the curve and was extremely difficult to see due to weathering. There was no delineator near the abutment and there was no guardrail to deflect vehicles from the abutment. Apparently, there had been a delineator which was down at the time of the accident. The necessity for some sort of warning was greater because of the location of the bridge in the curve since a failure to negotiate the curve would carry the north bound driver directly into the bridge abutment. That is exactly what occurred here. The deceased struck the abutment squarely causing his instant death.
Where there are unreasonably dangerous conditions on the road or shoulder, the state is charged with the responsibility of correcting them or posting adequate warning of their presence. Bialy v. State, 414 So.2d 1273 (La.App. 3rd Cir.1982), writ denied, 417 So.2d 367 (La.1982). The above facts, together with the expert testimony, support the trial judge's findings as to the dangerous nature of the bridge, the negligence of the state in not installing and maintaining adequate warnings, and the fault of the state being a cause in fact of the accident. We find no manifest error in the trial judge's ruling.

CONTRIBUTORY NEGLIGENCE OR VICTIM FAULT
The answer filed by defendants pled contributory negligence, but alleged no specific acts of negligence on the part of the deceased. At trial, plaintiff objected to questions asked by defendant's counsel relating to the issue of contributory negligence, specifically intoxication. The objections were sustained. Defendant then offered to amend the answer to specify that the allegation of contributory negligence was based on the intoxication of the deceased. The amendment was denied by the trial court. La.C.C.P. Art. 1151 states, in pertinent part:
"... A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party."
Under the circumstances of this case, the denial of a defendant's request to amend his answer to assert an affirmative defense after the commencement of the trial is not an abuse of discretion. Joseph A. Oster & Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir.1976). We have previously ruled in Phoenix of Hartford Insurance Co., et al. v. Llort, 219 So.2d 789 (La.App. 1st Cir.1968), that facts to support an affirmative defense of contributory negligence must be alleged, and a defendant may not introduce evidence to support the plea where he has only pleaded the conclusion of contributory negligence and not the factual particulars thereof. We therefore find no abuse of *1157 discretion in the trial court's refusal to allow the amendment and the evidence of contributory negligence or victim fault.

QUANTUM
As to the quantum ordered by the trial court, we find that the figures awarded are well within the range of the trial judge's discretion. An abuse of trial court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974). Here, our judgment is that there was no abuse of discretion.[1]
For the reasons assigned, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] At the time of his death Wilkinson was 32 years old. He was employed as a millwright. His annual earnings the year of his death were approximately $24,000.00.

The child, William Hayden Wilkinson, was 3 years old at his father's death.
There is evidence of problems in the Wilkinson marriage including the filing of a separation suit approximately a month prior to the accident. However, the general award of $400,000.00 to Mrs. Wilkinson by the trial court which includes all elements of damage including loss of support as well as loss of love and affection is within the scope of its discretion.