CRAIN, Judge.
This case comes before us on remand from the Louisiana Supreme Court, which ordered that our previous judgment in this case be vacated and set aside and a new decision rendered based on the entire record, including proffered evidence that both the trial court and this court declined to consider.[1]
Plaintiff’s husband was killed when the automobile he was driving collided with a concrete abutment on Louisiana Highway 16. Plaintiff brought suit for wrongful death against the State of Louisiana through the Department of Transportation and Development (DOTD). In defendant’s answer, the defense of contributory negligence was pled, but not particularized. The trial court refused to allow an amendment of the pleadings at trial setting forth facts supporting the claim of contributory negligence, specifically intoxication. However, some evidence was proffered by both plaintiff and defendant on that issue. The trial court subsequently found that the accident was caused by the DOTD’s negligence and awarded plaintiff damages. Defendant appealed from that judgment alleging, among other things, that the trial court erred in refusing to permit the amendment to the pleadings.
On appeal, this court affirmed the judgment of the trial court.[2] The Supreme Court reversed, finding that the proffered evidence raised a serious question as to “the merits of the action” under La.C.C.P. art. 1154 and therefore the trial court erred in failing to allow the pleadings to be amended, and after offering the objecting party the opportunity to move for a contin *2 uance if needed, to consider the evidence presented and decide the question of contributory negligence. The case was then remanded to this court for a decision based on the entire record, including the proffered evidence, or for a remand to the trial court if it appeared that justice required the taking of additional evidence.
After review of the record, we find that in the interest of fairness to the plaintiff it is necessary to remand this case to the trial court. Although plaintiff presented some rebuttal evidence in the proffer, plaintiffs position at the time defendant sought to introduce the issue of intoxication was that to allow an amendment to the pleadings at that point would prejudice plaintiffs case. The trial judge agreed. We are not convinced that plaintiffs case would not be prejudiced by consideration of only the rebuttal evidence which plaintiff was prepared to offer at the time of the proffer. Therefore, it is our opinion that this case should be remanded to the trial court for the taking of any additional evidence on contributory negligence that may be offered. The trial judge shall then decide the issue on the basis of the evidence presented.
For the foregoing reasons, this case is remanded to the trial court for proceedings consistent with this opinion.
REMANDED.

. 439 So.2d 388 (La.1983).

. 434 So.2d 1155 (La.App. 1st Cir.1983).