444 So.2d 137 (1983)
Mrs. Mary Jane C. MECHE, Individually, as Natural Tutrix of and For the Use and Benefit of Her Three Minor Children, Alton Joseph Meche, Pamela Ann Meche, and Mary Rhodnoda Meche; James A. Meche, Tina Meche Midkiff and Patricia Meche Naquin, Plaintiffs-Appellants,
v.
GULF STATES UTILITIES COMPANY, Defendant-Appellee.
No. 82-28.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*139 Joe J. Tritico, and C. Jerre Lloyd, Lake Charles, for plaintiffs-appellants.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr. and Robert S. Dampf, Lake Charles, for defendant-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Mrs. Mary Jane C. Meche, individually and as natural tutrix for her three minor children, and three major children of the decedent, brought suit against Gulf States Utilities Company to recover damages arising out of a fatal electrical contact accident which occurred on February 15, 1980. The incident resulted in the death of Leroy Meche, the respective husband and father of the plaintiffs. In addition, one of the survivors, Alton Joseph Meche, then sixteen years of age, sustained severe injuries consisting of burns to his head, right foot and arms; primarily the left hand, wrist and forearm.
Following a lengthy trial, the jury determined that Gulf States Utilities was not liable for the injuries either under ordinary negligence or strict liability.
On appeal, by a vote of two to one, we affirmed that determination. Meche v. Gulf States Utilities Company, 416 So.2d 1316 (3rd Cir.1982). The Supreme Court reversed the lower courts and held that Gulf States Utilities was liable. Meche v. Gulf States Utilities Company, 436 So.2d 538 (La.1983). The case is now before us for a determination of quantum to be awarded plaintiffs in accord with their respective damages resulting from the accident.
DAMAGES TO MARY JANE C. MECHE (Widow)
At the time of Leroy Meche's death, he was forty-five years of age and his wife, Mary Jane C. Meche, was forty-three. They were married for twenty-seven years. Mrs. Meche testified that at the time of her husband's death their relationship was a loving and compatible one. However, the record reveals that Mrs. Meche filed suit for separation in 1968. They subsequently reconciled and in September, 1979, Mrs. Meche again filed suit for separation and divorce. We find that although these domestic disputes do not negate her claim for loss of love and affection, they do serve as a mitigating factor.
During the year prior to Mr. Meche's death, his annual income was $30,714.00. An expert economist testified that the decedent's work life expectancy at age forty-six years was eighteen additional years of participation. Seasonal problems in Mr. Meche's trade were also considered by the expert and a conservative percentage deduction was made to account for the same in determining that decedent's lost earnings would be $340,000.00. We refuse to rely exclusively on these statistics, but attribute great weight to well reasoned findings of the expert witness.
*140 At the time of the accident, Mrs. Meche was left with three minor children, including the injured sixteen year old, Alton (Joey) Meche. No doubt, the death of Mr. Meche has caused Mrs. Meche much grief. Additional pain has been added because of the effects on her children. In Faulk v. Schlumberger Well Services, 412 So.2d 162 (3rd Cir.1982), this court awarded $100,000.00 for general damages to a widow who was separated from her husband at the time of his death. In Hardy v. State of Louisiana, 404 So.2d 981 (3rd Cir.1981) the court made an identical award. Accord, Brandon v. Dept. of Highways, 367 So.2d 137 (2nd Cir.1979), writ denied, 369 So.2d 141 (La.1979).
It is disputed whether Leroy Meche died instantly, or lingered in distress for some time. It was established at trial that he never regained consciousness, but that after mouth-to-mouth resuscitation he breathed on his own shortly. Plaintiffs suggest that an award for this suffering should be at least $25,000.00. However, where there is no indication that a decedent consciously suffered, an award for predeath pain and suffering should be denied. Wakefield v. Government Employees Insurance Company, 253 So.2d 667, cert. denied, 260 La. 286, 255 So.2d 771 (1972). We therefore hold that Mrs. Meche is not entitled to any award for pain and suffering of her husband. The record is void of any evidence tending to show that Mr. Meche consciously suffered before his death following the accident.
It seems clear that the uncontested amount of the funeral expenses is $5,979.00. Therefore, this amount is an appropriate award.
The record reveals that medical expenses were incurred by Mrs. Meche for treatment of Alton Joey Meche and Leroy Meche following the accident. Physical therapy for Joey Meche was administered at St. Patrick's Hospital resulting in expenses of $1,790.00 for which Mrs. Meche paid only $200.00. West Calcasieu-Cameron Hospital performed emergency services for Joey and Leroy Meche resulting in expenses of $3,105.93 of which Mrs. Meche had to pay $410.25. Mrs. Meche should therefore be awarded $610.25 representing past medical and hospital expenses.
Accordingly, we hold that Mary Jane C. Meche is individually entitled to the following damages:

 For loss of love, affection and
 companionship of her husband,
 grief, sorrow, and pain........... $100,000.00
 For loss of support from her husband
 .................................... 275,000.00
 For her husband's funeral expenses
 .................................. 5,979.00
 Past medical and hospital expenses
 .................................. 610.25
 ___________
 TOTAL............................. $381,589.25

DAMAGES TO ALTON JOSEPH (JOEY) MECHE
We now consider the award to be made to Mrs. Mary Jane C. Meche as natural tutrix of her then minor son, Alton Joseph (Joey) Meche. Joey was sixteen years of age at the time of the injury.
In a recent opinion, we awarded a fifteen year old boy $100,000.00 for the loss of his mother's love and affection. Whittington v. Sowela Technical Institute, 438 So.2d 236 (3rd Cir.1983). While the facts of that boy's relationship to his mother are not before us, there is little doubt that Joey Meche's loss of his father was a trauma which must have exceeded or equaled that in Whittington, supra. Joey was extremely close to his father and dependent upon him.
Joey's witnessing of his father's death was a tragic experience. Further, his inability to pursue a career in carpentry due to his injuries is a personal reminder of his father's death. In the recent case of Wilkinson v. Dept. of Transportation and Development, 434 So.2d 1155 (1st Cir. 1983), the court upheld a trial court's award of $300,000.00 to a minor child for loss of his father. However, in this case Joey Meche prays for $150,000.00. We feel the sum of $100,000.00 is an appropriate award in this instance.
*141 Moreover, Joey, the victim of high voltage electrocution, suffered the following severe physical injuries:
1) third-degree burn over the apex of the head (an area three and one-half inches in diameter),
2) superficial second-degree burn of the upper portion of the right arm;
3) a deep second-degree burn of the palm of the left hand;
4) Minimal second-degree burn of the skin of the right side of the chest;
5) Deep third-degree burn of the inner aspect of the bottom part of surface of right foot;
Extensive surgical repair of deeply burned tissues to his left hand and arm, skin grafts and complex sophisticated surgery, causing great pain, were required in his case. The courts have frequently approved awards for pain and suffering of sufficient size to compensate for such extreme injuries.
A precedent similar to this case is McKowen v. Gulf States Utilities Company, 358 So.2d 675 (1st Cir.1978). There a sixteen year old boy suffered more extensive electrical high voltage burns and he, like Joey Meche, was transferred to the Shrine Burn Institute for treatment. He had multiple, painful surgeries, similar to the six major surgeries undergone by Joey. The plaintiff in McKowen, supra, recovered $650,000.00 for pain and suffering.
Joey Meche was confined to Calcasieu-Cameron Hospital for four days. While there he had dead tissue removed from his foot and holes drilled in his skull to provide for healing where the electricity volt exited his body. Joey had dead muscle removed from his arm in Galveston and two skin grafts performed. He was extensively traumatized mentally by the whole process. He suffers partial permanent brain damage, loss of function of his left hand, and mental depression. Plaintiff, Joey Meche, suggests that $650,000.00 for pain and suffering is a reasonable amount, and not in excess of established precedent. Nonetheless, we find that factual distinctions of McKowen and the present case result in an award of $475,000.00.
The permanent brain damage suffered by Joey Meche negates any reasonable possibilities of his pursuit of education. Nor is he able to continue his trade as a carpenter due to the physical incapacity resulting from the accident. However, there is evidence that Joey can perform simple labor skills as evidenced by his employment, following recovery, at Kroger's Supermarket as a bag boy. Therefore, we will consider these factors in assessing his lack of future earning power. Reeder v. Allstate Insurance Company, 235 So.2d 111 (4th Cir.1970), writ refused, 256 La. 615, 237 So.2d 397 (1970).
It is undisputed that Joey was apprenticing as a carpenter when he was injured. Hilton Leger, a carpentry contractor, testified that journeyman carpenters made $13.65 an hour; apprentices made 60% of that, increasing 10% each year until they reached the full wage after four years. Utilizing those figures, Dr. Hohenstein, an economist, testified that Joey Meche's loss of income up to the time of trial would have been $6,100.00, the difference between the apprentice carpenter wage scale and the $400.00 he made bagging groceries at Kroger's supermarket. Joey's loss of future earnings, discounted for lump-sum payment at 12%, would allegedly total $498,200.00. If a 30% reduction factor were allowed for the possibility that he might obtain some job such as bagging groceries, the lost future wages would be $348,740.00. We therefore conclude that the award of $325,000.00 is appropriate for Joey's loss of income.
It appears from the record that Joey Meche may require further uncertain cosmetic surgery, medical treatment, and therapy in the future. However, we are not obliged to make speculative awards for this element of damages and considering that the record is void of specific costs and necessary future treatment, we are unable to determine an appropriate award.
*142 Accordingly, we hold that Alton Joseph (Joey) Meche is entitled to receive, through his tutrix, the following damages:

 Loss of father's love and affection,
 grief, sorrow and pain ............. $100,000.00
 Pain and suffering (personal)....... 475,000.00
 Loss of income...................... 325,000.00
 ___________
 TOTAL............................... $900,000.00

DAMAGES DUE THE REMAINING FIVE CHILDREN (Loss of Father)
Defendant argues that pursuant to Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) the appellate court should raise the "low award to the lowest point of the damage range, which is appropriate when a damage award must be increased." Defendant asserts that $25,000.00 would be an appropriate award representing the low end of the established range of recovery for similar loss of parent. We agree with defendant's construction of the law; however, Coco, supra, is inapplicable in the instant case, since we are not reviewing a trial court award for an abuse of discretion. We are determining, res nova, the damages due to plaintiffs.
Leroy Meche was close to his children. This is evident by the fact that he was fatally injured while helping one of his children install a television antennae.
Accordingly, we hold that Mary Rhodnoda Meche (6 years old) receive $50,000.00 for loss of love and affection of her father and $40,000.00 for loss of support; that Pamela Ann Meche (10 years old) receive $50,000.00 for loss of love and affection of her father and $30,000.00 for loss of support; and that the three major children, Tina Meche Midkiff, Patricia Meche Naquin and James Anthony Meche, each receive $40,000.00 for loss of their father.
RECAPITULATION
Based on the above and foregoing law and circumstances, it is ordered adjudged and decreed that there be judgment rendered in favor of the plaintiffs and against the defendant, Gulf States Utilities, as follows:
To Mary Jane C. Meche, individually:

 For loss of love, affection and
 companionship of her husband,
 grief, sorrow and pain.......... $100,000.00
 For loss of support from her husband
 ................................. 275,000.00
 Funeral expenses ................ 5,979.00
 Past medical and hospital expenses
 ................................. 610.25
 ___________
 TOTAL............................ $381,589.25

To Mary Jane C. Meche on behalf of Alton Joseph (Joey) Meche

 Loss of father's love and affection,
 grief, sorrow, and pain............. $100,000.00
 Pain and suffering of Joey Meche 475,000.00
 Loss of income...................... 325,000.00
 ___________
 TOTAL............................... $900,000.00

To Mary Jane C. Meche, on behalf of Mary Rhodnoda Meche:

 For loss of love and affection of
 her father........................ $ 50,000.00
 For loss of support from father... 40,000.00
 ___________
 TOTAL............................. $ 90,000.00

To Mary Jane C. Meche, on behalf of Pamela Ann Meche:

 For loss of love and affection of
 her father........................ $ 50,000.00
 For loss of support from father... 30,000.00
 ___________
 TOTAL............................. $ 80,000.00

To Tina Meche Midkiff

 Loss of her father................ $ 40,000.00

To Patricia Meche Naquin

 Loss of her father................ $ 40,000.00

To James Anthony Meche

 Loss of his father................. $ 40,000.00

Legal interest shall be paid on the above awards according to law.
All costs, both on the trial level and on appeal, are assessed to defendant, Gulf States Utilities.
RENDERED.