COLE, Judge.
This is a petitory action in which the principal issue is whether the defendant has acquired ownership of a tract of land by establishing ten year acquisitive prescription. Initially, the suit began as an assertion of ownership by L.B. Ponder, Jr. over the tract of land by virtue of an alleged partition agreement executed in 1948 by Ponder and defendant’s ancestor in title.
The plaintiff, L.B. Ponder, Jr., filed a petition styled “Declaratory Realty Action,” on January 29, 1982, seeking to be *1277 declared owner of a tract of land. The defendant, Bryant E. Jenkins, answered, raising the please of ten and thirty year acquisitive prescription. Cross motions for summary judgment were filed. Both motions were denied by the trial court. A trial on the merits of this suit was held. The trial court dismissed the claim of plaintiff to be declared owner of any part of the land described in the Act of Sale from Henry W. Cox to Bryant E. Jenkins recorded at C.O.B. 316, page 585 of the conveyance records of Tangipahoa Parish. Further, the trial court concluded plaintiff is the owner of 25.99 acres of land situated in Section 2, T4S, R9E known as the “Amos Brown Tract.” Plaintiff was cast for all costs, including expert witness fees. Plaintiff appeals from this judgment. We affirm.
In 1928 Henry W. Cox, defendant’s ancestor in title, acquired 68 acres of land in Section 2, T4S, R9E. In the early 1950’s, Henry W. Cox purchased 11.60 acres in Section 2, T4S, R9E, giving him a total of 79.60 acres in Section 2. There is no dispute concerning these acquisitions.
In 1943, plaintiff and several others acquired, in liquidation from the Tangipahoa Bank and Trust Company, eight parcels of land as co-owners. One of these parcels was described as the “Amos Brown Tract” which contained 31.6 acres in the N-l/2 of the N fractional 1/2 of Section 3, T4S, R9E. However, certified copies of the abstracts from the public record show the “Amos Brown Tract” was, in fact, in Section 2, not in Section 3.[1]
On June 18, 1948, the plaintiff, exercising a broad power of attorney for several others and acting for himself, entered into an agreement with Henry W. Cox concerning properties they each owned in Section 2. The preamble of this instrument states in reference to the parties, “... their descriptions and bounds are overlapping and conflicting and now in order to establish their bounds and ownership_” This instrument, which is indexed in the parish conveyance records as “Act of Exchange or Partition,” states plaintiff and those he represents owned all of the N-l/2 of Section 2, T4S, R9E, except for 20 acres left to Cox as consideration for the agreement.[2]
In 1957, as a result of a lawsuit, plaintiff and several others partitioned by licitation the land they owned in Section 3 as a result of the 1948 acquisition. At this licitation sale, plaintiff bought out the interest of his co-owners and acquired whatever they jointly acquired in 1943, be it in Section 2 or Section 3.
On October 30, 1967, Henry W. Cox sold to defendant by authentic act the 79.60 acres Cox had acquired in Section 2, T4S, R9E. Defendant did not have a title search made prior to his purchase from Cox. The defendant proceeded to mark and cut timber on the tracts as Cox had done in the past.
The plaintiff raises as error the trial court’s consideration of the defendant’s plea of acquisitive prescription. We disagree and find the trial court acted property-
An action to declare the effects of the June 18, 1948 agreement between L.B. Ponder, Jr. and Henry W. Cox may have been maintained pursuant to La.Code Civ.P. art. 1872. Acquisitive prescription would not be appropriate as an exception to such an action. Meaux v. Southdown Lands, Inc., 361 So.2d 974 (La.App.3d Cir.1978). However, the relief sought by the petition goes beyond merely seeking a judicial determination of the legal effect to be given the 1948 agreement. The plaintiff seeks to be presently declared “the owner in full property” of all the N-l/2 of Section 2, T4S, R9E, except for 20 acres left to Cox. Although styled a declaratory realty action, a reasonable construction of the allegations of the petition reveals this to be a *1278 petitory action. See La.Code Civ.P. art. 3651; Walmsley v. Pan American Petroleum Corporation, 244 La. 513, 153 So.2d 375 (1963). Therefore, a plea of acquisitive prescription of ten years is properly raised by the defendant. La.Code Civ.P. art. 3654, as amended by Acts 1981, No. 256, § 1. Also see Todd v. State Through Dept. of Natural Res., 456 So.2d 1340 (La.1983) at 1352.
To prevail on a plea of acquisitive prescription of ten years a party must comply with La.Civ.Code art. 3479 which provides,
“The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription.” [3]
We find the defendant has established compliance with the necessary requisites of article 3479.
In 1967, defendant acquired a title translative of ownership of the 79.6 acres of land from Henry W. Cox. This acquisition was made without a title examination. Plaintiff contends a title examination would have revealed the 1948 agreement between plaintiff and Henry W. Cox concerning, in part, the 79.6 acres. The 1948 agreement purported to give ownership of the land to plaintiff.[4] Therefore, plaintiff concludes the presence of the agreement in the public record places defendant in bad faith. This contention is without merit.
Good faith on the part of a purchaser is presumed. La.Civ.Code art. 3481. A purchaser will not be charged with bad faith because a title examination, if made, would have disclosed defects in the seller’s title. Turner v. Denkmann Lumber Company, 244 So.2d 868 (La.App. 1st Cir.1971), writ denied, 258 La. 366, 246 So.2d 684 (1971). Cf. Melancon v. Wood, 357 So.2d 75, 78 (La.App. 4th Cir.1978), writ denied, 359 So.2d 201 (La.1978), for a discussion of the policy behind this rationale. Thus, because plaintiff failed to bring forth any further evidence to contest this issue, the acquisition of the 79.6 acres of land by the defendant was in good faith.
As to possession of ten years, it is well settled the corporeal possession necessary to support ten year prescription is governed by the use for which the land is destined. Boudreaux v. Olin Industries, 232 La. 405, 94 So.2d 417 (1957); Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1st Cir.1980), writ denied, 392 So.2d 678 (La.1980). Further,
“The Louisiana law of possession and the jurisprudence interpreting it also provide that a person who possesses property in good faith under a deed translative of ownership is considered to possess to the extent of his title, provided he has corporeally possessed part of the property described in the deed. In such a case, the person is considered to be in constructive possession of the entire tract. In effect, he acquires the right to possess the entire property by corporeally possessing, quietly and without interruption, a portion of the property for more than one year.” Pitre, supra at p. 846.
The 79.6 acres at issue are timber lands. Until his 1967 sale of the 79.6 acres, Henry W. Cox was engaged in timber stand improvement operations on the acreage. These operations required the girdling of undesirable hardwoods to improve the stands of pine timber on the land. During the sale process Mr. Cox guided the defendant around the land and discussed *1279 the existing boundaries. These boundaries consisted of fences to the west, south and north and the hacking out of trees as between Mr. Cox’s land and the old Amos Brown tract owned by the plaintiff.
On the day defendant purchased from Mr. Cox, he mortgaged the land. Subsequently, defendant mortgaged the land two more times. In order to meet his notes, defendant began cruising and working the timber on the land. The timber was cut and offered for sale. The timber to be sold was marked by painting. The first sale took place in 1970, with several other sales taking place later as recorded in the public records. The cruising and marking operations lasted about three years from the purchase in 1967. No interference with these activities occurred.
As well, the activities of third parties displays the defendant was in open and notorious possession of the acreage. The tax assessor collected from the defendant based upon 79.6 acres. The plaintiff paid taxes in Section 2, T4S, R9E for only the 31.6 acres he believed contained in the old Amos Brown tract. Further, the plaintiff leased timber and mineral rights in the area as to only 31.6 acres.
We find, therefore, the defendant went into corporeal possession of the 79.6 acres in 1967, in good faith and under a just title. The constructive possession of the defendant continued for at least ten years subsequent to this possession without any interruptions of possession being demonstrated. Compare Boudreaux, supra, with Poole v. Continental Can Company, 232 So.2d 832 (La.App.2d Cir.1970).
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Appellant, L.B. Ponder, Jr., is cast for all costs of this appeal.
AFFIRMED.

. Defendant’s exhibit number 5, depicting a plat of an actual ground survey prepared by survey- or W.A. Tycer, shows the Amos Brown tract to be 25.99 acres in Section 2, T4S, R9E.

. The twenty acres left to Cox were described by the agreement as, "The North 20 acres of the North Half of the North Half of North Fractional Half of Section 2, Township 4, South of Range 9 East.”

. La.Civ.Code art. 3475 was enacted by Acts 1982, No. 187, § 1, eff. Jan. 1, 1983; this article reproduces the substance of La.Civ.Code art. 3479 (1870) and did not change the law.

. We are of the opinion the 1948 agreement is to be given no legal effect. The preamble claims the document is a boundary agreement. It is recorded as a partition agreement although L.B. Ponder, Jr. and Henry W. Cox were never owners in common of any real estate located in Section 2, T4S, R9E. Finally, the document purports to exchange land neither party owned or possessed and gave as consideration to Mr. Cox land which he already owned. Therefore, we look to the actions of the parties to this 1948 agreement and readily note they acted as if the agreement was never executed. See discussion in main text. Accordingly, when Mr. Cox sold the 79.6 acres to defendant, Mr. Jenkins, he sold them as the true owner. We find this to be an alternative basis for declaring defendant the owner of the 79.6 acres at stake in this lawsuit.