527 So.2d 1163 (1988)
Donald KIMBLE & Sheila Smith Kimble, Plaintiffs-Appellees,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 87-490.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*1164 Allen, Gooch, Bourgeois, Breaux, Robison and Theunissen, P.C., Frank A. Flynn, Lafayette, for defendant-appellant.
Olivier & Brinkhaus, John L. Olivier, Sunset, for plaintiffs-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Donald Kimble, filed suit against the defendant, Wal-Mart Stores, Inc. (Wal-Mart) seeking damages for injuries he sustained when he tripped and fell in a Wal-Mart Store in Lafayette. Plaintiff's wife, Sheila Kimble, also sought damages for loss of consortium. After trial on the merits, the trial court found in favor of the plaintiffs. The trial court awarded Donald Kimble $93,033.57 in damages. This amount included $13,033.57 in medical *1165 expenses; $5,000.00 future medicals; $25,000 past and future lost wages; and $50,000.00 for pain and disability. The court also awarded Sheila Kimble $10,000.00 in damages for loss of consortium. The trial court further taxed all expert fees as court costs to be paid by Wal-Mart. Wal-Mart now appeals this decision claiming that it should not have been presumed negligent; that plaintiff should have been found to be contributorily negligent; and that the damages awarded were excessive. Plaintiff also appeals asserting that the damage awards are inadequate and should be increased.

FACTS
On September 24, 1984, about 12:30 p.m. plaintiff went to Wal-Mart during his lunch break (at the time plaintiff was an employee of Lowe's Hardware Store). He went to Wal-Mart to purchase some things for his wife and also decided to look in the toy department for something to buy for his two children. As he rounded a corner, plaintiff tripped and fell over some "fire engine red" children's rocking chairs located in one of the aisles. These chairs were about 1½ feet in height and the testimony indicates that there were three chairs in the aisle. Plaintiff struck his head on a shelf and/or the floor causing a laceration. He alleges that he suffered further injuries to his neck, shoulders, arm, back, and jaw. Plaintiff further claims that he has suffered brain damage.

NEGLIGENCE OF WAL-MART

Presumption of Negligence
In these "slip and fall" or "trip and fall" cases, it is incumbent upon a plaintiff to prove that he has slipped or tripped upon a foreign object or substance on the floor of the store where he was injured. Once the victim proves that a foreign object has caused him to slip, fall, and sustain injuries, the store operator is presumed to have been negligent and then has the burden of going forward with evidence to exculpate itself from the presumption of negligence. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 686 (La. 1984).[1]
The trial court in its "Reasons for Ruling" found that the plaintiff proved by a preponderance of the evidence that he tripped and fell on one or more of the rocking chairs. The court thus found that plaintiff proved a prima facie case and then turned to the question of whether Wal-Mart rebutted the presumption of negligence.

Rebuttal Of Presumption
A store owner's duty is to use reasonable care under the circumstances in order to protect its customers from being injured by foreign substances or objects in the store. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free from substances or objects that may cause customers to fall. Determination of whether a store's protective measures have been reasonable is largely dependent on the circumstances of each case, taking into consideration the type and volume of merchandise, the volume of business, and the floor space used for customer service. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529, 532 (La.App. 3d Cir.), writ denied, 470 So.2d 126 (La.1985). However, the store owner is not the insurer of the safety of its customers and does not have to keep its entrances, aisles, and passageways in perfect condition. What is relevant to each case is that a reasonable effort is made to insure the patron's safety under the circumstances. Id. A defendant may rebut the presumption if he is able to present evidence of adequate cleanup measures and adherence to these measures or by proving that the foreign object was located on the floor for such a minute duration that determination of protective measures would be superfluous. Saucier v. Winn-Dixie Louisiana, *1166 Inc., 499 So.2d 1033, 1036 (La.App. 3d Cir. 1986).
In the present matter, Wal-Mart presented the testimony of several store employees as to the inspection measures undertaken by the store. Among these witnesses was the store's assistant manager, Todd Crawford, who outlined the procedures for cleanup and supervision of the aisles. The trial court found Crawford to be an "impressive, truthful, and articulate" witness. The Court also found that the cleanup measures outlined by Crawford "would be adequate and sufficient to free defendant from fault under the circumstances, if these measures were strictly followed." The court felt that the "key testimony" in this case was that of Judy Reed, the department head of the toy department. Reed testified that 5-15 minutes prior to the accident, she passed down this very aisle, saw two children's rocking chairs in the aisle and replaced them onto the shelf. She then proceeded to inspect the aisles in the remainder of the department. The trial court made the following conclusion regarding Reed's testimony:
"From these facts, the Court concludes that either the supervision of the aisles in [is] insufficient or the stacking of the merchandise (chairs) on the shelves was negligent. Either Ms. Reed was not diligent in failing to see three of five chairs that had fallen; or the chairs were improperly stacked and fell into the aisle far too frequently to exculpate the defendant from negligence. In either event, the defendant is responsible for the damages and injuries suffered by its customer."
The trial court thus found that although Wal-Mart did implement reasonable safety measures sufficient to exculpate itself from the presumption of negligence, those procedures were not adequately followed in this instance and thus the presumption of negligence was still applicable. Such a factual finding by the trial court will not be overturned unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find that the trial court's ruling was not manifestly erroneous and thus hold that the presumption of negligence on the part of Wal-Mart is applicable in this case.[2]

CONTRIBUTORY NEGLIGENCE OF DONALD KIMBLE
Once the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence will be applicable and thus a plaintiff's damage award may be reduced by the degree that he was contributorily negligent. Ritchie v. S.S. Kresge Co. Inc., 505 So.2d 831 (La. App.2d Cir.), writ denied, 507 So.2d 227 (La.1987); Arch v. Great Atlantic and Pacific Tea Co., 477 So.2d 896 (La.App. 4th Cir.1985); Baldwin v. Schwegmann Giant Super Markets, 449 So.2d 167 (La.App. 4th Cir.), writ denied, 450 So.2d 967 (La.1984).
In the case at hand the trial court made no mention of any contributory negligence on the part of Kimble. After a review of the record, we find that the trial court's failure to find any degree of contributory negligence by Kimble was manifestly erroneous. There is ample evidence in the record that can lead us to no other conclusion than that this plaintiff was contributorily negligent.
The cause of this accident in and of itself supports the claim of contributory negligence on the part of Kimble. The testimony indicates that there were three chairs located on the floor in the aisle where Kimble fell. These chairs were "fire engine red" in color while the floor was speckled white. The chairs were 1½ feet in height. We find that it would be difficult not to see such an obstacle or obstacles in one's path.
In his brief plaintiff's attorney places great weight on the fact that he sustained his injury in an aisle that was close to shelves stocked with merchandise. He thus contends that plaintiff was prevented *1167 from seeing the chairs on the floor because his attention was diverted to the merchandise located on the shelves. It is well settled that a plaintiff who is distracted by store merchandise from looking for obstacles in his path, has a decreased duty to keep a proper lookout. Kavlich v. Kramer, 315 So.2d 282 (La.1975). However, in this case plaintiff's own testimony contradicts the contention that he was distracted by the store merchandise located upon the shelves. Plaintiff testified that he walked down one aisle looking at the items on the shelves, then turned the corner into the next aisle, tripped and fell. He stated that as he walked down the aisles he walked slowly, taking his time. He said that as he rounded the corner he was watching where he was going. He said: "I'll say I was looking like eye level. Normal walking, whatever." In a deposition taken prior to trial and made a part of the record, plaintiff was adamant that he was looking straight ahead watching where he was going and was not looking at the merchandise located on the shelves of the store.
After reviewing all of the evidence and testimony contained in the record, we find that the trial court was manifestly erroneous in failing to find that plaintiff was contributorily negligent. Although the duty of a store patron to keep a proper lookout is lessened when walking inside of a store where there are displays and merchandise to distract him, he continues to have some responsibility to keep and maintain a proper lookout. Arch v. Great Atlantic and Pacific Tea Co., 477 So.2d at 900. In this case the chairs over which plaintiff tripped were fairly large and obvious to a person walking down the aisle where they were located. This is especially true when considering the "fire engine red" color of the chairs in contrast to the speckled white floor of the store. Further plaintiff claims to have been watching where he was going. Even if plaintiff had been looking at the store shelves, we do not feel that his negligence would be excused. To say that a person looking at store displays and merchandise has a lessened duty to observe that which he should see does not give such a person a license to blindly stagger along, tripping over anything that may be in his path, and fully recover damages from the store with no atonement for his own heedlessness.
We thus hold that plaintiff was in fact contributorily negligent in walking down the aisle, failing to see the chairs, and tripping over them. We attribute him with 50% contributory negligence in this matter.

DAMAGES
The plaintiff suffered a laceration to his forehead and there is some evidence of blackouts and dizziness afterwards. He also claims to have sprained or strained his neck, shoulder and back. He further claims to have problems with his jaw, asserting that he suffers from a condition known as TMJ. The trial court awarded plaintiff the following damages:

Medical Expenses $13,033.57
Loss of Wages, $25,000.00
past and future
Pain, disability and $50,000.00
loss of enjoyment
of life

We hold that these damage awards are neither excessive nor an abuse of the trial court's much discretion. Nor do we find, as asserted by plaintiff, that these damage awards are insufficient. Therefore, we will not disturb them on appeal.
The trial court awarded Kimble $5,000.00 in future medical expenses. Plaintiff contends that he may be required to have surgery to correct the TMJ condition. He also contends that his problems with dizziness may require future hospitalization. The record is void of any testimony concerning potential future costs and specific future treatments. We find that an award of future medical expenses to plaintiff is too speculative in this case. Meche v. Gulf States Utilities Co., 444 So.2d 137 (La.App. 3d Cir.1983). We thus hold that Kimble is not entitled to the $5,000 awarded to him for future medical expenses.
The trial court also awarded Mrs. Kimble $10,000 for loss of consortium. This award was based upon testimony that plaintiff and his wife are having marital *1168 problems, that he was always on medication and therefore could no longer baby-sit the kids or cook the family meals, and that at the time of trial plaintiff and his wife had not had sexual intercourse for six months (while they formerly had intercourse every night or every other night). The trial judge has great discretion in assessing damages that cannot be calculated with certainty. His formulation of the award is enhanced by his personal observation of the demeanor of the parties. The award will not be disturbed unless there is an obvious abuse of discretion. See Finley v. Bass, 478 So.2d 608 (La.App.2d Cir.1985). We hold that this award is not an abuse of the court's discretion and should not be disturbed on appeal.

CONCLUSION
We hold that the trial court correctly held that plaintiff presented a prima facie case that he tripped and fell on a foreign object located on the floor of the Wal-Mart store. This created a presumption of negligence on the part of the store. Although Wal-Mart did present sufficient evidence of cleanup procedures to exculpate itself from this presumption, we agree with the trial court that apparently the Wal-Mart employees did not properly implement those procedures in this instance or negligently stacked the chairs on the shelves, allowing them to fall into the aisle. Therefore, Wal-Mart did not exculpate itself from the presumption of negligence. We however, cannot agree with the trial court in regards to Kimble's own negligence and we find that he was 50% contributorily negligent.
We hold that the damage awards made by the trial court properly fall within its discretion, with the exception of the award for future medical expenses. The award for future medical expenses is speculative. We thus reduce the damage award by $5,000.00; the remainder of the award is unchanged. Plaintiff's award is therefore reduced to $88,033.57. It is further reduced by 50% to reflect plaintiff's contributory negligence. The $10,000.00 award to his wife for loss of consortium is likewise reduced by 50%.
The trial court's finding of negligence on the part of Wal-Mart is affirmed; its finding of no contributory negligence by Kimble is reversed; the damage award is amended to delete the award for future medical expenses and reflect plaintiff's degree of contributory negligence. Costs of this appeal are taxed 50% to plaintiffs and 50% to defendant.
REVERSED IN PART; AFFIRMED AS AMENDED.
NOTES
[1] The Louisiana Supreme Court has recently reiterated that a defendant must also prove that none of its employees caused the spill. McCardie v. Wal-Mart Stores, 511 So.2d 1134 (La. 1987). This court has questioned that rule in Miller v. Winn-Dixie Stores, 527 So.2d 989 (La. App. 3d Cir., 1988).
[2] Based upon this finding, we need not determine whether a store employee created the hazard (see footnote 1).