567 So.2d 165 (1990)
Diane McLAUGHLIN
v.
SCHWEGMANN GIANT SUPERMARKETS, INC. and ABC Insurance Company.
No. 89-CA-1923.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
*166 Jennifer N. Willis, Cater & Willis, New Orleans, for plaintiff.
William H. Voigt, Blue, Williams & Buckley, Metairie, for defendants.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is a slip and fall case. On September 24, 1986 Dianne McLaughlin went to Schwegmanns in Chalmette to do some grocery shopping at approximately 5:49 p.m.. She entered the store, walked to the produce section which was floored with a green indoor/outdoor carpet, and picked up some tomatoes. As she took about two steps off the green carpet, a green onion that had become attached to her shoe slid on the hard tile which floored the rest of the store, causing Ms. McLaughlin to fall.
Ms. McLaughlin was helped from the floor to the Schwegmanns' manager's office by Schwegmanns' employees, who later filled out an accident report. The report indicated that the green onion on Ms. McLaughlin's shoe was the cause of her fall.
After trial on the merits, the jury returned a verdict in favor of Ms. McLaughlin in the amount of sixty-seven thousand and two hundred dollars ($67,200.00), plus interest, reduced by 10% for the plaintiff's comparative fault. Plaintiff's motion for JNOV on the 10% reduction was denied. Both plaintiff and defendant appeal the trial court's judgment in this slip and fall cause of action. Plaintiff argues that the jury's finding of comparative negligence was not supported by the evidence and that the quantum awarded was an abuse of the jury's discretion. Defendant argues that the jury erred in assessing only 10% contributory negligence and that the quantum awarded was excessive.

COMPARATIVE NEGLIGENCE
Defendant, Schwegmanns Giant Supermarkets, Inc., and ABC Insurance Company, do not deny their liability as owners of the premises. Their argument with the judgment pertains to the extent of plaintiff's injuries and whether she in fact was equally liable in causing those injuries. Schwegmanns maintains that Ms. McLaughlin should be held 50% liable for her injuries. It argues that the jury erred in finding her only 10% liable because there was sufficient evidence that Ms. McLaughlin *167 failed to use ordinary care for her own safety.
Schwegmanns observes that Ms. McLaughlin had completed her selection of the items she intended to purchase and was in the process of leaving the produce section, on her way to the check-out counter, when she slipped and fell. It asserts that Ms. McLaughlin never claimed to be distracted in any way.
Schwegmanns argues that although the duty of a store patron to keep a proper lookout is lessened when walking inside of a store where there are displays and merchandise to distract him, he continues to have some responsibility to keep and maintain a proper lookout. Arch v. Great Atlantic and Pacific Tea Company, 477 So.2d 896 (La.App. 4th Cir.1985). Applying Kimble v. Wal-Mart Stores, Inc., 527 So.2d 1163 (La.App. 3d Cir.1988), Schwegmanns argues, Ms. McLaughlin's negligence can not be excused. Kimble points out that a patron has the duty to observe that which she should see and that person does not have "license to blindly stagger along, tripping over anything that might be in her path, and fully recover damages from the store."
The trial court allowed the issue of contributory negligence to be determined by the jury. It recognized that contributory negligence is not solely a question of law, that the jury could make a credibility determination, and that the trial court should not substitute its factual judgment for that of the jury's.
In response to plaintiff's objection that the issue of contributory negligence should not be submitted to the jury, the trial court commented:
Let me comment about the objection to the interrogatories as voiced by Ms. Willis. I have struggled with whether it was better to include or exclude jury interrogatories 3 and 4 as they went to the jury. I feel under the circumstances I have not really heard any evidence per se that would convince me, if I were the trier of fact, that the plaintiff, Mrs. McLaughlin, was negligent, if I were the trier of fact, I cannot say, though, in my own sound conscious that a reasonable person, reasonable people could not perceive that the produce section of a grocery store is notorious for things falling off and that a reasonable person would assume that the area is going to be wet and or have vegetables, fruit, and whatever, on the floor. I could see based upon a charge based upon the law that reasonable people could under certain circumstances find some negligence as a common sense practice and assess some percentage to the plaintiff in the case. My concern relates insofarI would look at it on a judgment notwithstanding the verdict, that issue. My concern is a play between the liability and the quantum of damages. And it can work for or against the plaintiff or for or against the defendant. And I felt safer in including all of the questions to the jury so that if either I or the appellate court disagrees with me, then at least we know what the jury felt under those circumstances. And that's basically my reason for including that.
Jury determinations are to be accorded great respect, they should not be disturbed unless they are clearly wrong. Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989 (La.App. 3rd Cir.1988) writ denied 531 So.2d 763 (La.1988). Under the facts of the instant case reasonable people could conclude that the plaintiff was comparatively negligent in causing her injuries. We find no clear error.

QUANTUM
Schwegmanns' primary argument regarding quantum is that the role of Dr. Stokes' testimony should have been given greater weight. It was Dr. Stokes' position that Ms. McLaughlin does not have a spondylolisthesis condition only spondylolysis, the congenital defect she has always had. Schwegmanns also maintains that the conduct of Ms. McLaughlin subsequent to her injury puts the extent of that injury into serious doubt. Besides the few days that she took off immediately following her accident, Ms. McLaughlin never missed anymore days of work due to her injury.
*168 She continued at the same job, performing the same duties for the next two and one-half years. Schwegmanns argues the injury could not be substantial since it did not preclude Ms. McLaughlin from returning to work one week after injury. It points out that her own physician testified that even though Ms. McLaughlin has a 20% functional disability, "this loss of function may or may not relate to her activities depending on what they are." He further testified that she would not be restricted from maintaining a receptionist position or a clerical position because of this.
Schwegmanns argues that Ms. McLaughlin only incurred $2,396.87 of medical expenses and since she only missed a few days of work, suffered no loss in earning capacity, and was no more restricted after the accident than before, the jury's award for $58,000.00 could only be to compensate her for her pain and suffering and that is excessive.
Schwegmanns' position regarding the testimony of its expert physician has no foundation in the law of Louisiana. Louisiana courts have consistently held that the testimony of the physician who examines and treats a person from the inception of his injury is entitled to greater weight than the opinion of one who only examines the person later. Ponder v. Jenkins, 468 So.2d 1275 (La.App. 1st Cir.1985) writ denied 472 So.2d 32 (La.1985); Hayes v. Commercial Union Assurance Co., 459 So.2d 1245 (La. App. 1st Cir.1984) writ denied 462 So.2d 1247 (La.1985). It is well-settled that the testimony of the treating physician is entitled to greater weight than the testimony of a physician who examined the patient only once or twice in preparation for litigation. Cason v. Diamond M. Drilling Co., 436 So.2d 1245 (La.App. 1st Cir.1983), writ denied, 441 So.2d 1221 (La.1983), cert. denied 466 U.S. 938, 104 S.Ct. 1911, 80 L.Ed.2d 460 (1984).
In this case, Dr. Stuart Phillips, who testified on behalf of the plaintiff, first saw Ms. McLaughlin within one week of the injury and treated her until she was discharged. Dr. Phillips' expertise in the field of orthopedic surgery was stipulated to by Schwegmanns. Schwegmann's expert, Dr. Harold Stokes, saw Ms. McLaughlin only once, long after the injury, and then only for the purpose of testifying at trial. It was not error for the jury to accept the opinion of Dr. Phillips.
Immediately after the accident, Ms. McLaughlin suffered from back pain and also from acute and severe neck pain which involved a 50% loss of motion in her neck. Although the neck pain resolved within weeks, the lower back pain continued to get worse and could not be cured with conservative treatment. As a result of the injury, she suffered a 20% permanent loss of function in her lumbar spine. Dr. Phillips testified that this loss of function would never get better. He further said that she will develop arthritis at the site of the spondylolithesis and that she will generally get considerably worse with age. Dr. Phillips confirmed the testimony of Ms. McLaughlin and her husband that the activities such as sports, housework and gardening which she previously enjoyed are things that she can no longer do.
Schwegmanns has also argued in brief that an award for lost wages for Ms. McLaughlin was inappropriate. However, no evidence of lost wages was presented at trial and the jury was not asked to return any award for lost wages. The award which the jury did return was for past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, and for permanent disability and loss of quality of life. She was also awarded the amount of her medical expenses.
The trier of fact has great discretion in the award of general damages. Absent a determination that there has been a clear abuse of that "much discretion", the award of the trier of fact may not be disturbed. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Only if a court determines that the award is excessive or inadequate may it then look to prior awards to fix the lowest or highest possible amount which the trier of fact could have *169 awarded. Reck, supra. We find that the jury's award was within its wide discretion.
For the foregoing reasons the trial court's judgment is affirmed.
AFFIRMED.