618 So.2d 32 (1993)
Melanie HODAPP, Plaintiff-Appellee,
v.
AMERICAN INDEMNITY COMPANY and Brown's Furniture of Ville Platte, Inc., Defendants-Appellants.
No. 92-775.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
*33 Darrel Dee Ryland, Joseph Blaise Treuting, Marksville, for plaintiff-appellee Melanie Hodapp.
Andrew E. Schaffer, Gregory Lynn Jones, Alexandria, for defendants-appellants American Indem. Co., et al.
Before DOMENGEAUX, C.J., and GUIDRY and WOODARD, JJ.
DOMENGEAUX, Chief Judge.
On December 11, 1989, Melanie Hodapp was injured when a truck owned by Brown's Furniture of Ville Platte, Inc. and insured by American Indemnity Company rear ended the vehicle in which she was a passenger. At trial, the defendants stipulated liability, leaving damages as the only issue to be tried by the jury. The jury returned a verdict awarding the plaintiff her total medical expenses of $9,235.23, $1,620.00 in lost wages and $11,000.00 in general damages. In special interrogatories, the jury also found that the plaintiff was entitled to those medical expenses incurred from May 1, 1990 through the date of trial but not to future medicals and that the plaintiff did not sustain a loss of earnings beyond May 1, 1990.
In response to post trial motions filed by the plaintiff, the trial court reformed the jury verdict by granting an additur of $7,500.00. The trial judge specifically noted that a general damage award of $11,000.00 for a 22 month period of treatment was an abuse of the jury's discretion. The defendants have appealed the additur, and the plaintiff has answered, seeking an additional amount of general damages as well as damages for frivolous appeal.
La.C.C.P. art. 1814 permits the trial court to enter a remittitur or additur if the court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only. However, the article also provides that a remittitur or an additur is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case.
*34 In 1989, the legislature amended La. C.C.P. art. 2083 to include the following language:
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict. (Emphasis added.)
In Lougon v. Era Aviation, Inc., 609 So.2d 330 (La.App. 3d Cir.1992), we recently recognized that this amendment legislatively overrules prior jurisprudence in this circuit which held that the jury award was not to be considered in the appellate review of a judgment reformed by either an additur or a remittitur. Under the new standard of review, the appellate court should review the jury's award for abuse of discretion, and the trial court abuses its discretion in granting an additur or remittitur when the jury's award is within the range of its discretion. See Lougon and the cases cited therein.
Melanie Hodapp, who was 18 at the time of the accident, testified that her vehicle was "hit pretty hard." She was in pain immediately after the accident and was treated and released at the St. Francis Cabrini emergency room that day. She was later treated for chronic back problems by Dr. Gaius Guillory, a chiropractor, Dr. L.J. Mayeaux, a family practitioner, Dr. Gerald LeGlue, a physical rehabilitation specialist, and Ted Pappas, a physical therapist. The plaintiff testified that she was in "pretty good health" before the accident, and she denied any prior back problems.
The plaintiff was initially treated by Dr. Gaius Guillory from December 13, 1989 through January 12, 1990. Dr. Guillory initially noted that the plaintiff had a misalignment of the T12 vertebra, just below the shoulder blade with general muscular soreness. He performed spinal manipulations beginning December 15, 1989, and observed muscular spasm on two of the plaintiff's 10 visits. On her last visit, he observed only a slight misalignment of the T12 vertebra. He would have liked to continue treatment, but she did not return to his office.
On February 13, 1990, the plaintiff sought treatment from Dr. L.J. Mayeaux for complaints of tenderness from the T10 vertebra to the tailbone. Dr. Mayeaux initially observed muscular spasm and significant restriction in the plaintiff's range of motion. He treated her through June of 1991, diagnosing her condition as chronic myofascial syndrome. Throughout her treatment, he prescribed muscle relaxants for the plaintiff's lower back spasm which he observed as late as December of 1990. He also referred her to Dr. Gerald LeGlue, who in turn prescribed a program of physical therapy. By June of 1991, the plaintiff had regained 90% range of normal motion. Dr. Mayeaux considered her to be disabled from employment at least through December of 1990. He testified that she would continue to have "flare ups," perhaps as often as every six to eight weeks, and that she was at risk of developing traumatic arthritis in the future.
Dr. LeGlue first saw the plaintiff on May 18, 1990, when she was complaining of moderate and intermittent back pain. He referred her to Ted Pappas, a physical therapist, with a diagnosis of "deconditioned lower back strain." The plaintiff began therapy on May 24, 1990, when tests showed that her range of motion was below the tenth percentile in rotation, in forward and backward flex and extension, and in lateral flexion. Pappas considered her to be extremely weak and stiff in movement. He placed her on an exercise program with moist heat and massage treatments during which she progressed well through July 27 of 1990. At that point, the plaintiff abruptly stopped her treatment. On July 30, 1990, Dr. LeGlue released her. However, in November of 1990, the plaintiff returned to Dr. LeGlue and Pappas, complaining of an acute exacerbation. She began a second round of physical therapy and was showing significant improvement by November 28, 1990. On December 14, 1990, she again reported another acute exacerbation to Dr. LeGlue. In December of 1990, Dr. Mayeaux also noted the plaintiff was again suffering from spasm and restricted range of motion.
*35 The defendants argue that the additur was improper because the gaps in the plaintiff's medical treatment and her reports to the doctors show only a total of eight months of pain, as opposed to 22 months, as found by the trial court. However, the record does establish that the plaintiff's medical treatment did span a 22 month period. The evidence shows that the plaintiff suffers from a chronic condition subject to "flare ups" or exacerbations as described by Dr. Mayeaux. None of the treating medical experts described the plaintiff as a malingerer or suggested that she was exaggerating her symptoms. Indeed, the plaintiff's complaints were supported by objective evidence of injury that was observed throughout her period of treatment not only by Dr. Mayeaux but also by Dr. LeGlue and Ted Pappas. The medical experts testified that the plaintiff's condition was more probably than not caused by the accident. There is nothing in the record to discredit the plaintiff's history of her medical problems or her description of the accident. We agree with the trial judge that an $11,000.00 award of general damages was an abuse of the jury's discretion under these circumstances. In Hastings v. Southern National Insurance Co., 554 So.2d 221 (La.App. 2d Cir.1989), writ denied, 559 So.2d 126 (La.1990), the plaintiff was awarded $14,500.00 in general damages for a chronic, recurring strain which lasted over one year. In Friedmann v. Landa, 573 So.2d 1255 (La.App. 4th Cir. 1991), the plaintiff was awarded $35,000.00 for a cervical and lumbar strain which produced intermittent pain for over a year. Although we find the jury award is abusively low, the above jurisprudence shows that the reformed verdict, which awarded a total of $18,500.00 in general damages, is within the permissible range for such injuries. We therefore deny the plaintiff's request for additional general damages.
The plaintiff also seeks damages for frivolous appeal under La.C.C.P. art. 2164. We find this claim to be unfounded. This court has often held that the statute authorizing damages for frivolous appeal is penal in nature and must be strictly construed. State Farm Mutual Automobile Ins. Co. v. Callahan, 571 So.2d 852 (La. App. 3d Cir.1990), writ denied, 576 So.2d 51. An award of damages for frivolous appeal is not appropriate unless it manifestly appears that the appeal is taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he is advocating. Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La. App. 3d Cir.1991). This appeal involved both factual and legal questions that were ably, although unsuccessfully, argued by defendants' counsel. There is no evidence of dilatory intent or lack of a serious belief in the positions advocated.
The plaintiff also argues that defendants have lost their right to appeal because they consented to and paid the additur. We disagree. La.C.C.P. art. 1814 specifically states that an additur is only to be entered with the consent of the defendant as an alternative to a new trial. Further, payment of a judgment, even without express reservation of the right to appeal, does not necessarily constitute voluntary and unconditional acquiescence in the judgment. The loss of a party's right to appeal through acquiescence should be decreed only when the party's intention to abandon his right of appeal is clearly demonstrated. Hoyt v. State Farm Mutual Automobile Ins. Co., 413 So.2d 1003 (La.App. 3d Cir. 1982), writ denied, 423 So.2d 1180 (La. 1982). After examining the circumstances of the payment of the additur in this case, we find no intention on the part of defendants to abandon their right to appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed 90% to defendants and 10% to plaintiff.
AFFIRMED.