|T SAUNDERS, Judge.
This case arises out a car accident that occurred on August 31, 1995, between Celeste Foster, hereinafter “Plaintiff,” and Adam Michael Cohen. Plaintiff was injured in the accident, which by his own admission, was caused by Cohen. Plaintiff filed suit against Cohen and his insurer State Farm, hereinafter “Defendants,” for injuries allegedly resulting from the accident. After trial a jury verdict was reached in favor of the Plaintiff. The trial judge raised the amount of the award and Defendants filed this appeal to ask that the original award of the jury be reinstated. Plaintiff answered the appeal and requests an increase in the award.
FACTS
On the morning of August 31, 1995, Plaintiff’s car was hit from behind by Cohen. Officer Trampas Gaspard of the Lafayette City Police investigated the accident. Officer Gaspard asked both parties if either had any injuries and Plaintiff | ¡.replied that her head hurt. Officer Gas-pard listed Plaintiff as suffering minor injuries and noted that on Plaintiffs vehicle the only damages visible were scratches on the rear bumper. Officer Gaspard noted little to no damage to the vehicle driven by Adam Michael Cohen. Prior to trial the parties agreed to a stipulation that Adam Michael Cohen was at fault for the accident that occurred on August 31, 1995. The issues presented to the jury were whether Plaintiff had sustained injuries as a result of the accident, and if so, the amount of damages to which Plaintiff was entitled.
During trial Defendants presented evidence showing that prior to the accident Plaintiff had been injured in the lower back. The jury found that Plaintiff had sustained injuries in the amount of $2,500.00 for pain suffering, loss of the enjoyment of life, and disability, in addition to $35,000.00 for past medical expenses as a result of injuries sustained in the accident. Plaintiff received no award for future damages. A written judgment to this effect was issued on March 31,1998. Plaintiff filed a motion for additur which Defendants opposed. After a hearing on the matter the trial judge granted the additur and increased the award of past medical expenses from $35,000.00 to $80,-324.16. In addition, the trial judge increased award for pain suffering, loss of enjoyment of life, and disability, from $2,500.00 to $48,000.00. From this judgment Defendants appeal and Plaintiff answered the appeal.
ASSIGNMENTS OF ERROR
Defendants contend that the trial court erred as a matter of law in granting Plaintiffs motion for additur and reforming the judgment to increase the amount awarded to Plaintiff by the jury.
Plaintiff contend that the trial court erred in not awarding $150,000.00 in general damages as shown by existing jurisprudence to be the lowest reasonable amount of compensation under the circumstances.
ADDITUR
| ¡¿Defendants assert that the trial court erred in granting an increase in the damages awarded by the jury. Defendants contend that the jury did not abuse its discretion in the amount that it awarded, *49 and as such the award given by the jury should stand. Plaintiff contends that not only did the jury abuse its discretion in granting a low award, but the trial court, while correct in granting additur, erred in not awarding a minimum of $150,000.00 as in previous similar jurisprudence.
The standard of review for additur is set forth in La.Code Civ.P. art. 2083(B): “ [i]n reviewing a judgment reformed in accordance with a remittitur or addittur, the court shall consider the reasonableness of the underlying jury verdict.” This court has previously interpreted this article to mean “the appellate court should review the jury’s award for abuse of discretion, and the trial court abuses its discretion in granting remittitur when the jury’s award is within the range of its discretion.” Lougon v. Era Aviation, Inc., 609 So.2d 330, 342 (La.App. 3 Cir.1992).
In the case sub judice, there was no question of liability as the parties had stipulated on that issue. The only issue remaining was damages. In an earlier case decided by this court, Hodapp v. American Indemnity Company, 618 So.2d 32 (La.App. 3 Cir.1993), the liability was stipulated and the only question that remained was that of damages. In Hodapp, plaintiff was injured in a rear-end collision. At trial the defendants stipulated liability and the jury returned a verdict awarding the plaintiff $9,235.23 for medical expenses, $1,620.00 for lost wages and $11,000 for general damages. Id. at 33. The trial court acting on motion of the plaintiff granted an additur of $7,500 noting that the award of $11,000.00 in general damages was an abuse of discretion by the jury. Id. This court upheld the additur finding the jury had abused its discretion in awarding the lower sum and that the trial court’s additur was within the range of discretion of a proper award of a jury such that the trial court did not abuse its discretion.
|4In the current case, Defendants call attention to Plaintiffs history of back related problems prior to the accident, claiming it is this history that led the jury to award the damages that they did and that the trial court was incorrect in finding an abuse of discretion. In Myers v. Broussard, 96-1634 (La.App. 3 Cir. 5/21/97); 696 So.2d 88, the plaintiff was awarded $300,000.00 for back injuries even though she did have a pre-existing condition. Hoback v. KMart Corp., 628 So.2d 1258 (La.App. 3 Cir.1993), involved a plaintiff who already had a disc herniation prior the injury that was being litigated. The plaintiff in Hoback was awarded $10,000.00 by the jury. This court on appeal found that the jury had abused its discretion and the least that the jury could have reasonably awarded was $150,000.00. Id. at 1262.
Defendants rely solely on the fact that Plaintiff had a pre-existing condition to justify their claim of error on the part of the trial court. Defendants rely strongly on the testimony of Dr. John Schutte, whom Defendants retained to review Plaintiffs medical records. Dr. Schutte was not Plaintiffs treating physician and in fact never examined Plaintiff before or after the accident in question. Dr. Schutte’s testimony was that in his opinion the Plaintiffs injuries were the result of a pre-existing condition and not due to the accident. Dr. Schutte further opined that Plaintiff was suffering from low back pain prior to the accident in question. The treating physician in this case, Dr. Michael Heard, testified in the record that Plaintiffs back appeared to have been “rendered symptomatic as a result of the accident.” Dr. Heard further went on to say “she [Plaintiff] had frequent and severe pain that was unrelenting.” It is well settled that the testimony of the treating physician is entitled to greater weight than the testimony of a physician who examined the patient only once or twice in preparation for litigation. McLaughlin v. Schwegmann Giant Supermarkets, Inc., 567 So.2d 165 (La.App. 4 Cir.1990).
*50 Plaintiff has introduced testimony from numerous witnesses that the level of | spain increased after the accident. Ms. Phoebe Heard, a registered nurse with Acadian Home Health, testified “her [Plaintiffs] pain was too severe to be managed with just oral pain medication.” Ms. Heard also testified that during her time with Plaintiff she took to “asking her [Plaintiff] every time we went if ten was the most excruciating pain that you could imagine. On a number from one to ten where is your pain falling? And, there was a couple of episodes where her pain was at eight and half, which is way too high. And, there was another episode where she was at a ten.” Further testimony was offered by Ms. Angie Begnaud, a registered nurse, who is the director of nursing for Acadiana Home Health. Ms. Begnaud testified “[w]hen we first started seeing Celeste [Plaintiff], definitely the pain was out of control. On several occasions that we saw her, she was very tearful, kind of frantic like not knowing what to, do you know.” Ms. Begnaud also,, testified that “[b]ecause she had such severe pain in her legs, she could not stand on them, and she had really severe spasms in her leg also.” Plaintiff introduced testimony from other witnesses who testified that after the accident Plaintiff was in excruciating pain and was not able to continue in her normal life as she had prior to the accident.
Defendants assertion that the primary cause of Plaintiffs pain is from a pre-existing condition does not relieve them of liability for damages resulting from the aggravation of the pre-existing back condition. Careful examination of the record reveals Plaintiff was incapacitated and undergoing pain management under the care of Acadiana Home Health in an attempt to alleviate the pain result-' ing from the accident without surgery. It was only after this failed that Plaintiff underwent a third back surgery to relieve the pain. As a result of this accident, the beneficial work of two prior back surgeries was undone, and Plaintiff underwent a period of excruciating pain and suffering that could only finally be alleviated by another surgery. In light of the evidence in the record on the detrimental effects on Plaintiffs life, in | ^combination with agonizing pain that this accident resulted in, we hold that the jury clearly abused its discretion in its award of damages. We further hold that while the trial judge was correct in his award of additur for medical expenses, his award of additur of general damages was inadequate in light of the evidence in the record; the proper amount of general damages to be awarded should have been not less than $150,000.00.
DECREE
For the foregoing reasons, the judgment of the trial court is amended so as to increase the award of general damages to $150,000.00. In all other aspects, the judgment is affirmed. Costs of appeal to be paid by Defendants.
AFFIRMED, AS AMENDED.